IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANDREW TYLER PERKINS                                                                PLAINTIFF

v.                                          Civil No. 6:16-CV-06033

SHERIFF DAVID WHITE (Montgomery                                                    DEFENDANT
County )


**REPORT AND RECOMMENDATION**

Plaintiff filed this case *pro se* pursuant to 42 U.S.C. § 1983 on.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1.  Background**

Plaintiff is currently incarcerated in the Arkansas Department of Corrections (ADC) Grimes Unit.  Plaintiff alleges Defendant White arrested him for public intoxication on April 10, 2014.  Plaintiff alleges Defendant White then had a parole officer search the vehicle, which was not his vehicle.  Drug paraphernalia was found in the vehicle, and he was charged for the paraphernalia.  Plaintiff alleges his rights were violated when Defendant used a parole officer to search a vehicle when a search warrant was needed.  ECF No. 1, pp. 3-4.

Plaintiff proceeds against Defendant White in both his official and personal capacity.  ECF No. 1, p. 4.  Plaintiff seeks compensatory and punitive damages for time spent incarcerated and lost wages.  He also seeks "a decision that will help my appeal get overturned."  ECF No. 1, p. 5.

**2. Applicable Law**

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

**3. Discussion**

Plaintiff's claims are *Heck*-barred.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.  The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

In footnote seven, the Supreme Court in *Heck* explained that a damages action for an illegal search does not necessarily imply the invalidity of a conviction. *Heck*, 114 S. Ct. at 2372 n. 7. Specifically, the Court said:

> a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does *not* encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* The Eighth Circuit has interpreted this footnote to create a general exception from *Heck* for Fourth Amendment unreasonable search and seizure claims. *See, Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996) ("Because harmless error analysis is applicable to the admission at trial of coerced confessions, judgment in favor of Simmons on this § 1983 action will not necessarily demonstrate the invalidity of his conviction."); *Moore v. Sims,* 200 F.3d 1170 (8th Cir. 2000) (when Plaintiff was convicted of drug possession, his § 1983 claim that the drugs were "planted" by officers was barred by *Heck*, but his claim that his initial stop and detention at a detoxification center were without probable cause could proceed)..*But see Shamaeizadeh v. Cunigan*, 182 F.3d 391, 399 (6th Cir. 1999) (Fourth Amendment illegal search and seizure claim does not accrue under *Heck* until the criminal charges have been dismissed).

Here, Plaintiff alleges the drugs were found in a vehicle not his, by a parole officer without a search warrant, which resulted in a twelve year ADC sentence. He does not challenge the stop and arrest for public intoxication. Plaintiff does not allege that his conviction has been overturned, expunged, declared invalid, or called into question by a federal court's issuance of a writ of *habeas corpus*. Plaintiff specifically asks this Court to render a decision which would aid him in attacking

3

his state criminal conviction and compensate him for the time he has spent incarcerated as a result of that conviction. Plaintiff's only claim is that the alleged illegal search caused his conviction. In fact, he claims the property seized was not his, therefore, there is no deprivation of or loss of use of property. The only relief is specifically to be used to allow Plaintiff to attack the validity of his conviction. Accordingly, his Complaint is *Heck*-barred.

**4. Conclusion**

For the foregoing reasons, I recommend that Plaintiff's complaint against Defendant White be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 8th day of November 2016.

        /s/  Barry A. Bryant_____
        HON. BARRY A. BRYANT
        UNITED STATES MAGISTRATE JUDGE